[No. 5126.    Decided May 1, 1905.]

THE STATE OF WASHINGTON, *on the Relation of John B.
Fogarty, Appellant,* v. THE EVERETT WATER
COMPANY, *Respondent.*[1]

APPEAL AND ERROR—REVIEW—TECHNICAL OBJECTIONS ON TRIAL
DE NOVO.  In an action triable *de novo* on appeal, technical objec-
tions to the pleadings and findings, that do not go to the merits,
are of no moment, since there must be a trial *de novo* disregard-
ing all technicalities, and necessary amendments will be con-
sidered as made.

WATER COMPANIES—REGULATION AND RULES—PERMISSION OF
USE VIOLATING RULE—ESTOPPEL.  A public service water com-
pany is not estopped from enforcing a rule that consumers shall
not place a tap in the yard where it would be accessible to per-
sons occupying neighboring premises, by reason of the fact that
it at one time granted permission to use such tap if enclosed
in a box provided with a lock, where the consumer failed to
keep the box locked and persons occupying neighboring prem-
ises continued to use the tap as a common source of supply.

SAME—DISCRIMINATION.  The enforcement of such rule cannot
be objected to as discrimination, where there was but one in-
stance in evidence where such use was tolerated in the case of
other consumers, and it appears that it was the general policy
of the company to enforce the regulation.

[1]Reported in 80 Pac. 794.

Appeal from an order of the superior court for Snohomish county, Denney, J., entered October 20, 1903, refusing to grant a writ of mandate to compel a water company to turn on water. Affirmed.

*Jos. Coleman,* for appellant, contended, among other things, that unjust discrimination by the water company was shown. 29 Am. & Eng. Ency. Law (1st ed.), 19; *Haugen v. Albina Light & Water Co.,* 21 Ore. 411, 28 Pac. 244, 14 L. R. A. 424; *Jones v. Nashville,* 109 Tenn. 550, 72 S. W. 985; *Danville v. Danville Water Co.,* 180 Ill. 235, 54 N. E. 224.

*Brownell & Coleman,* for respondent, cited: *Harbison v. Knoxville Water Co.* (Tenn.), 53 S. W. 993; *Watauga Water Co. v. Wolfe,* 99 Tenn. 429, 41 S. W. 1060, 63 Am. St. 841.

FULLERTON, J.—The respondent is a corporation engaged in supplying the city of Everett and the inhabitants thereof with water. Among its general rules regulating the use of water by its customers is the following:

"Sec. 14.   No person shall place a tap in a front yard or common area of any premises, so situated as to be accessible to persons living on or occupying neighboring premises, and the water shall not be allowed to pass to such taps, or if turned on to any tap hereafter put in, shall be shut off until such tap is removed to some unexposed place on said premises."

The appellant is the owner of a lot in the city of Everett, which he purchased in the year 1900.   At that time the premises were supplied with water by a pipe leading from respondent's mains onto the premises, and terminating at a faucet some distance in front of the house situate thereon.   This faucet at that time was without covering of any kind, and so exposed as to be accessible to people

living on neighboring lots, and it seems to have been made use of by them as a common source from which to supply themselves with water. Prior to the time the appellant purchased the premises, the water had been turned off by the water company, and, when he requested that it be turned on, the water company refused to do so unless the appellant would enclose the faucet in a box with a lock to the means of entrance, so that the same would be inaccessible to those persons not entitled to take water therefrom. The appellant complied with this request, and the water was again turned on. Thereafter the respondent discovered that the appellant's tenants were careless about locking the box, and that the faucet was again being used as a common source of supply by people living on adjoining lots. It thereupon, at the close of one of these tenancies, turned the water off, and some months later, when appellant had again leased the premises, refused to turn on the water unless the appellant would continue the pipe into the house, and make the faucet opening there. This the appellant refused to do, and applied to the trial court for a writ of mandate to compel the respondent to turn the water on as the conditions then were. From the order of the court refusing to grant the writ, this appeal is taken.

The question raised as to the pleadings and certain findings of fact made by the court, while vigorously argued by the appellant, are of no moment as the case now stands. These do not go to the merits of the controversy, but to the technical sufficiency of the pleadings and findings as such, and were we to conclude that the objections were well taken it would leave the case exactly as it now stands: namely, for trial *de novo* in this court. But, more than this, we are required by statute to determine appeals of this character on their merits, disregarding all technicali-

ties, and to consider all amendments which could have been made as made. Bal. Code, § 6535. To determine, therefore, whether these pleadings and findings would have been more technically correct had they been in some other form, can serve no useful purpose, and we must decline to follow the appellant in his discussion of the objections made to them.

Passing to the merits of the controversy, it is not disputed that the appellant is a public service corporation, and as such it is mandatory upon it to supply the inhabitants of the city of Everett with water, without distinction as to person, and in the order of their application, up to the limit of the capacity of its works or source of supply. It is conceded, also, that the respondent has the power, for its own protection and the protection of those dependent upon it for a supply of water, to make and enforce such reasonable rules and regulations as will protect its supply of water from theft, waste, misuse, or deprivation by any other unlawful means. Nor do we understand that the appellant disputes the proposition that the general rule above quoted is a reasonable regulation to secure that end; but we understand that he contends that the respondent is estopped to enforce these regulations against him because (1) it has construed its rules to mean, as between the appellant and itself, that enclosing the faucet in a box is a compliance therewith, and (2) that it is discriminating against the appellant, in that it has allowed the faucets of the service pipes of other persons, to whom it is furnishing water, to remain open and exposed.

The argument on the first proposition is that, when the water company required the appellant to enclose the exposed faucet in a box, as a condition precedent to furnishing his premises with water, it placed a construction on its

rules which it could not gainsay or deny, after the appellant had complied with the imposed conditions; or, stated in another way, this construction became a part of the contract between parties, which the appellant can now enforce specifically by a proceeding in mandate.   But we think that, had the requirement of the company been carried out by the appellant and his tenants, in its letter and spirit, the respondent, being a public service corporation, would not be estopped from making a change which it deemed more effectual to protect itself from loss.   Of course it cannot be permitted to act capriciously or arbitrarily in requiring changes to be made, and it may be that, under certain circumstances, the consumer can, after making the required change, recover his reasonable expenditures, made in compliance with previous requirements; but it cannot be said that the company, by adopting one method of protecting itself from losses, estops itself for all time from adopting another.   Here, however, the requirement was something more than that the appellant should enclose the faucet in a box and provide it with a lock.   It was incumbent on him to keep the box locked, when not in use by himself or his tenants, and this the evidence shows the appellant did not do.   For this reason, if for no other, the respondent could require the change in the location of the faucet before again turning on the water.

The charge of discrimination is based on the claim that the respondent allows other consumers to use faucets, under conditions similar to that of the appellant.   The appellant's witnesses testified to but one instance where such use was tolerated, and the respondent's witnesses say that the instance cited is the only one in the entire city. But if there were others, it would not prevent the respondent from enforcing its regulations against the appellant, as

long as it was its general policy to enforce them. If this were not so no change in the regulations could ever be made, as the one proceeded against could defeat enforcement as to him by showing that others were not complying with the regulations. Here it appears that it was plainly the policy of the company to enforce this regulation against all of its customers.

There was no error in the record, and the judgment will stand affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.